WM. H. KIRKPATRICK, Appellant, v. THE YATES ICE COMPANY, Respondent.

**Kansas City Court of Appeals, May 11, 1891.**

1. **Riparian Rights:** ABUTTING PROPRIETOR'S TITLE: NON-NAVIGABLE LAKES. The navigable or non-navigable character of a lake should be considered in settling the rights of a riparian proprietor, and on unnavigable lakes his title extends to the center of the lake.

2. ——— : ——— : SURVEYED LAKES. Where lakes have been surveyed and sectionized by the general government the abutting owner's boundary would be confined to the literal terms of his deed.

*Appeal from the Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Jas. W. Coburn*, for appellant.

(1) In the western states it is held that the owners of lands bordering upon unnavigable lakes situate within congressional surveys own the bed of the lake to the center, as in the case of unnavigable streams. Gould on Waters, sec. 85, p. 160; *Ridgeway v. Ludlow*, 58 Ind. 248; *Edwards v. Ogle*, 76 Ind. 302; *Ross v. Faust*, 54 Ind. 471; *Forsythe v. Smale*, 7 Biss. 201; *Serrin v. Grefe*, 25 N. W. Rep. 227; *Mill River Co. v. Smith*, 34 Conn. 462; *Paine v. Woods*, 108 Mass. 168; *Manson v. Blake*, 62 Maine, 38; 3 Washburn, Real Property [4 Ed.] p. 410, star p. 632; 3 Washburn, Real Property [4 Ed.] sec. 46a, p. 414; Tiedeman, Real Property, secs. 687, 833, 835. The rule that a grant of land bordering upon a pond or lake is only to the water's edge, and not to the center of the lake, applies only to the great lakes. Gould on Waters, sec. 198, p. 350, and cases; sec. 203, p. 354, and cases; U. S. R. S., sec. 2476; *Railroad v. Schurmeier*, 7 Wall. 272; *Ross v. Faust*, 54 Ind. 471; Gould on Waters, sec. 78, pp. 150–1.
(2) We have in the United States three classes of rivers: one in which the tide ebbs and flows; one of fresh-water rivers which are navigable for vessels used in interstate commerce; one of fresh-water rivers which are not navigable for vessels used in interstate commerce. The ownership of the bed of the third class is *prima facie* in the proprietors of the opposite banks, each owning to the center of the stream. The idea that the power was given a surveyor or his deputy upon casual observation to determine the question of the navigability of rivers, and thereby conclude vast public and private interests, is an absurdity. Gould on Waters,

sec. 78, note 2, p. 151; *Ross v. Faust*, 54 Ind. 474; *Benson v. Morrow*, 61 Mo. 345; *Miller v. Mayor*, 109 U. S. 385, 395; Washburn on Easements, pp. 504, 507, note 2, 508; *Rowe v. Bridge Corp.*, 21 Pick. 344; *Burrows v. Gallup*, 32 Conn. 501; *Glover v. Powell*, 10 N. J. Eq. 216; *Charlestown v. Commissioners*, 3 Metc. 202; *Murdock v. Stickney*, 8 Cush. 113; Gould on Waters, sec. 76, p. 148, and cases; *Railroad v. Schurmeier*, 7 Wall. 272; *Stoner v. Rice*, 22 N. E. Rep. 968; Washburn on Easements, top p. 505; *Rhodes v. Otis*, 33 Ala. 578; *Burroughs v. Whitman*, 26 N. W. Rep. 492; *Pere Marquette Boom Co v. Adams*, 6 N. W. Rep. 857; *Pollard's Lessee v. Hagan*, 3 How. 212; *Olive v. State*, 86 Ala. 88; *Morrison v. Coleman*, 87 Ala. 655.

*James C. Rieger*, for respondent.

A grant of land upon a natural pond or lake extends only to the water's edge. *State v. Milk*, 11 Biss. ( U. S.) 197; *Wheeler v. Spinola*, 54 N. Y. 377; *Child v. Starr*, 4 Hill, 369; *Halsey v. McCormick*, 13 N. Y. 296; *Watson v. Peters*, 26 Mich. 516; *Bradford v. Cressey*, 45 Me. 9; *McCulloch v. Aten*, 2 Ohio, 307.

ELLISON, J.—Plaintiff owns a piece of land twenty by thirty feet on the east side, and twenty acres on the west side of a body of water known as "Bean lake." Between the two tracts of land, defendant cut ice and disturbed a "roadway" which plaintiff had marked out across the lake by driving stakes. Plaintiff brings trespass. The lake, though of irregular shape, is four or five miles long, and at a point between plaintiff's two tracts is eight hundred feet wide. It has never been navigated, and, as far as we can gather from this imperfect record, cannot be for the purpose of trade or commerce. The trial court sustained a demurrer to the evidence, and plaintiff appeals.

An examination into the legal rights of riparian proprietors, as regards different streams or bodies of

water, discloses some conflict of authority in this country. As to non-navigable streams, however, it is well nigh universally understood that the law carries the title of the adjoining owner to the center or thread of the stream. But, when the water to be considered is a non-navigable, natural lake, riparian rights are not so easily determined. It is held, in general terms, that the adjoining property-holders own only to the water's edge. *State v. Milk*, 11 Bissell, 197; *Wheeler v. Spinola*, 54 N. Y. 377; Angell, Water Courses, sec. 41. This is undoubtedly the rule as to the great fresh-water lakes and rivers in this country; but, as to the other class, much authority is to the effect that the adjoining proprietor's title will extend to the center of the lake. Some confusion has arisen from the fact that sometimes a distinction between the great and navigable lakes and those which are small and unnavigable, is not noticed. Cases are frequently cited as supporting the statement that the abutting owner only owns to the margin of the natural lakes, which on examination are seen to refer to the "great lakes," or "navigable lakes," or "large lakes." As Lake Champlain in *Fletcher v. Phelps*, 28 Vert. 257. In *Bradley v. Wright*, 13 Maine, 198, the doctrine is announced that no difference in this respect can exist by reason of the lake being large or small, and the court asks, where is the line to be drawn fixing a large or a small lake. Thus, they seem not to have considered that the question of its being navigable should have settled the point. In our opinion the rule most consonant with reason is, that on unnavigable lakes the abutting proprietor's title extends to the center of the lake. *Ridgeway v. Ludlow*, 58 Ind. 248; *Ledyard v. Ten Eyck*, 36 Barb. 102; *Cobb v. Davenport*, 32 N. J. L. 369; *Forsythe v. Smale*, 7 Bissell, 201; *Rice v. Ruddiman*, 10 Mich. 125. It follows, therefore, that the court should not have sustained the demurrer to the testimony.

II.  It may be that a trial will disclose this lake to have been one over which the government surveys by sections have been extended, just as though it was dry land, and that titles have been conveyed with reference to such survey.  In such case, plaintiff's boundary would be confined to the literal terms of his deed.  In this state there are many small streams, as well as bodies of water, whether they be called lakes, ponds or swamps, which have been included in surveys, and which have been sold by the government without reference to their character as regards waters.  A stream frequently divides a forty acres in half; or a lake may be wholly or partly on a specific tract of land.  In all such cases the rule of taking title to the center should not apply. *Edwards v. Oyle,* 76 Ind. 302.

The greater part of the litigation over kindred questions to the one here considered has taken place in the older states which have not the system of surveys and boundaries by section, half and quarter section lines since instituted by the general government.  Most of the land titles, in this and other states, have their inception from the government, and, when a patent from the government conveys a quarter section which includes a portion of a lake which has been surveyed and platted as though dry land, the patentee will be confined to the lines of his quarter, whether it falls short of, or goes beyond, the center.

The judgment, with the concurrence of the other judges, is reversed, and the cause remanded.