# WEBSTER v. THE KANSAS CITY & SOUTHERN RAILWAY COMPANY, *Appellant.*

## Division One, May 22, 1893.

1. **Railroad:** APPROPRIATION OF LAND FOR RIGHT OF WAY: ESTOPPEL. Where a railway company appropriates land for its right of way, under circumstances implying a waiver by the land owner of prepayment of compensation therefor, he will be estopped to claim the land and ejectment will not lie to dispossess the company.

2. ———: ———: DAMAGES, ACTION FOR: The land owner is however not without remedy, for he may recover, in an action for damages, for the land actually taken and for the injury done to the residue of his tract.

3. ———: ———: MEASURE of DAMAGES. Evidence of the availability of the land as an approach to a large city for railroads and of its adaptability to use for manufacturing purposes is competent to show the commercial value of the land, in estimating the damages.

4. ———: ———: ———: EVIDENCE. Where it is shown that an interest in the owner's land was, near the time of the company's entry thereon, sold or offered for sale by him below the value placed on it by him in his evidence, it is competent for him to show that he was thereby trying to interest the company's officers in the land with a view to securing a station and building a town thereon.

5. ———: ———: ———: ESTOPPEL ON APPEAL. Where both parties tried the case on the theory that there had been an appropriation of the land by the defendant when it took possession and all the evidence of value was directed to that time, the company will not be heard to complain for the first time on appeal that the value should have been estimated as of the time of the trial or the beginning of the suit.

6. ———: ———: ———: INTEREST. Where in such case the company has had possession and use of the land from the date of its entry thereon, the owner will be entitled to interest on the amount of the damages assessed from the time of the entry.

7. ———: ———: ———: PARTIES. An objection that one of the plaintiffs was not a proper party to the suit because, after defendant's entry, he sold his interest to a co-plaintiff, *held*, without merit.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The court erred in admitting any evidence under the pleading; it contains no allegation that defendant's entry was wrongful or that the occupation became wrongful by matter subsequent to the entry. *Robertson v. Railroad,* 18 Mo. App. 187; *Edmonson v. Kite,* 43 Mo. 176; *Aull Savings Bank v. Aull,* 80 Mo. 201; *Cohen v. Kyler,* 27 Mo. 122; *Hubbard v. Railroad,* 63 Mo. 70. (2) The court erred in admitting evidence. (3) Instruction number 2 for plaintiff was erroneous as it ignores the question whether the entry was wrongful or by consent, nor does it tell the jury how the damages should be assessed. *Wyandotte v. Waldo,* 70 Mo. 629; *Quincy, etc., v. Ridge,* 57 Mo. 600; *Welch v. Railroad,* 19 Mo. App. 127. (4) The instruction is also erroneous in laying down the rule that the damages are to be assessed as of the date of the legal appropriation of the land and not of the date of the entry. *Chicago, etc., v. Randolph Town Site Co.,* 103 Mo. 145. (5) Charles D. Lucas in his evidence said he asserted no claim against defendant and had no interest in the land; hence, defendant's fourth instruction should have been given.

*Gage, Ladd & Small* for respondent.

(1) Defendant's objection to the petition was properly overruled. *Chicago, etc., v. Randolph Town Site Co.,* 103 Mo. 451; *Ring v. Bridge Co.* 57 Mo. 498; *Allen v. Railroad,* 84 Mo. 646. (2) The witness Bowers' testimony as to the existing and prospective demand of

the property for railway purposes was admissible. *Boom Co. v. Patterson*, 98 U. S., 403; *Currie v. Railroad*, 20 Atl. Rep. 56; *Railroad v. Ryan*, 8 Southern Rep. 174; *Railroad v. Jacobs*, 110 Ills. 414; *Dupuis v. Railroad*, 115 Ills. 720; *Railroad v. Moore*, 124 Ills. 329; *Trustees v. Bennett*, 5 Thomp. & C., 215; 2 Hun, 669; *Young v. Harrison*, 17 Ga. 30; *Bridge Co. v. Ring*, 58 Mo., 491. (3) That the plaintiff was entitled to recover damages to the land taken as well as for the value of the land actually appropriated is too well settled in this court to admit of argument. *Doyle v. Railroad*, 20 S. W. Rep. 970; *McReynolds v. Railroad*, 19 S. W. Rep. 824. (4) The court did not err in instructing that plaintiffs were entitled to recover the value of the property at the time of the entry. *Doyle v. Railroad*, 20 S. W. Rep. 970.

MACFARLANE, J.—The suit is by Edward H. Webster and wife, Medora R. Webster, Charles D. Lucas and Richard H. Weller, and is to recover damages from defendant for taking possession of and building its road upon a strip of their land, 66 feet wide, through the south one-half southwest quarter of section 24, township 49, range 33, and for damages to the residue of the the tract by reason thereof. The petition charges, in substance, that plaintiffs, being the owners of the land above described, on the first day of March, 1888, defendant entered and permanently appropriated a strip thereof sixty-six feet wide through the same (describing it) for right of way, constructed its railroad thereon and since has been and still is operating its engines and cars over the same. That there was so taken and appropriated two and seventy-five one hundredths acres of the value of $1,000 per acre and that the remaining land is damaged thereby in the sum of $3,000; and judgment was demanded for $5,750.

The answer was a general denial. The trial resulted in a verdict for plaintiffs for $2,464 for the value of the land taken and $1,680 for the damage done the remainder, and judgment was rendered for the aggregate amount, and defendant appealed.

I.   Upon the trial defendant objected to the introduction of any evidence under the petition, on the ground, that it did not state a cause of action. This objection was overruled and the ruling of the court in doing so is the first error assigned.

The specific objection made to the petition was that there was no allegation that the entry by defendant was wrongful, or that the occupation became wrongful by matter subsequent to the entry. Possession of the strip of land upon which its road was built was taken by defendant, under such circumstances as might imply a waiver on the part of the owners of prepayment of the compensation which is required by the constitution as a condition precedent to the appropriation of the land. The road was built and put in operation under such implied waiver. In such cases it has been repeatedly held by this court that the owner is estopped to reclaim his land and that ejectment will not lie to oust the railroad company of its possession, if compensation can be otherwise ascertained and enforced. *Baker v. Railroad,* 57 Mo. 265; *Provolt v. Railroad,* 57 Mo. 256; *Bradley v. Railroad,* 91 Mo. 493; *McClellan v. Railroad,* 103 Mo. 310.

While the statute (art. 5, ch. 42,) only gives the right to the condemning company to initiate proceedings to condemn and assess damages, the land owner is not left without a remedy, but may resort to his common law action on the case to recover his damages. By waiving prepayment the owner does not waive his right to compensation for the land actually taken or for

damages for the injury done the remainder of the tract. *Railroad v. Town Site Co.*, 103 Mo. 451.

An action for such damages is not predicated upon the wrong or trespass upon the land, but upon a constitutional right to compensation as for the appropriation of a part and damages to the residue. Though the entry may have been tortious and such as would have entitled the owners to maintain an action of trespass or ejectment, they had the unquestionable right to waive the tort or wrongful possession and sue for compensation simply. *Doyle v. Railroad*, 113 Mo. 280.

We think the petition states all the facts necessary to constitute a cause of action to recover the compensation and damages claimed. "A judgment of recovery and satisfaction thereof will operate to vest in the defendant company an easement in the land, as much so, and as effectually to all intents and purposes, as if condemnation proceedings had been regularly instituted and conducted." *Doyle v. Railroad, supra* and authorities cited; *McReynolds v. Railroad*, 110 Mo. 484.

II. Upon the trial objection was made to the admission of evidence tending to prove the value of the land taken at that time in view of all prospective uses to which it was adapted, and in permitting witnesses to testify that, from the topography of the land in and around Kansas City, the most available outlet for railroads to the east was over this land, and that it was well suited for manufacturing purposes, and its value was thereby enhanced.

On this question the views of the United States supreme court is thus expressed by Justice FIELD: "In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The inquiry in such cases must be, what is the property worth in the market, viewed, not merely with

reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses? Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Others may be able to use it and make it subserve the necessities or conveniences of life. Its capability of being made thus available gives it a market value which can be readily estimated.

"So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is perhaps impossible to formulate a rule to govern its appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule; but, as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future." *Boom Company v. Patterson*, 98 U. S. 407. It was there held that the adaptability of the lands for the purpose of a boom was a proper element for consideration in estimating the value of the lands condemned.

It was held by the supreme court of Georgia that the prospective value of land as a bridge site might be considered in estimating damages. *Young v. Harrison*, 17 Ga. 30.

*In the matter of Furman Street*, 17 Wend. 670, it was said that the proper inquiry was, "what is the value of the property for the most advantageous uses to which it may be applied."

In *Currie v. Railroad*, 52 N. J. L. 291, it was recently held that the situation and surroundings of

land sought for railroad purposes may impart to it a special value for such purposes generally. Where such a value is shown, the owner may reap the benefit of it when compelled to part with his land by condemnation. See also cases cited in that opinion.

In *Bridge Co. v. Ring*, 58 Mo. 491, it is said the "correct rule to be applied relates to the value of the land to be appropriated which is to be assessed with reference to what it is worth for sale, in view of the uses to which it may be put, and not simply in reference to its productiveness to the owner in the condition in which he has seen fit to leave it." In the *Doyle case, supra*, it is said the judgment will include all damages, past, present and prospective. See, as holding the same doctrine, *Railroad v. Jacobs*, 110 Ill. 414; *Dupuis v. Railroad*, 115 Ill. 97; *Railroad v. Ryan*, 64 Miss. 404.

We think there was no error in allowing plaintiffs to show, as appreciating the commercial value of this land, its availability as an approach to Kansas City for railroads, and its adaptability to use for manufacturing purposes, these uses being at the time in reasonable anticipation.

III. It was shown by defendant that an interest in the land, near the time of defendant's entry thereon, was sold by some of the plaintiffs, or offered for sale, at prices much below the value placed upon it by them in their evidence. As explanatory of the cause for asking these low prices, plaintiffs were permitted to introduce evidence to the effect that they were thereby attempting to interest the officers of defendant in the land with a view of securing a station and building a town thereon. We can see no error in admitting this evidence. Plaintiffs had the right to show any consideration not specified in the contract.

IV. Both parties tried the case on the theory that there had had been an appropriation of the land when possession was taken in March, 1888. The petition so charges and all the evidence of value was directed to that time. We do not think that it lies in the mouth of defendant to complain for the first time in this court that the value should have been estimated as at the trial or commencement of the suit. It was held in *Railroad v. Town Site Co.*, *supra*, that the value should be estimated as at the date of the assessment of damages by the commissioners; and in *Railroad v. Fowler*, 113 Mo. 458, it was held that where the commissioners assess the damages and the money is paid into court for the use of the owner and a trial is afterwards had before a jury the value should still be estimated as at the date of the assessment. The railroad company then has a right to possession and use of the land. When a corporation takes possession without having the damages assessed and paid, but awaits a suit by the owner, we think it is in no situation to deny that an appropriation was accomplished when possession was taken, or at any subsequent period the owner may fix upon up to the commencement of their suit.

V. The court allowed interest on the amount of the damages assessed from the date of the entry on the land by defendant. We think the action of the court in this regard in accord with the spirit of the rule laid down in the case of *Plum v. Kansas City*, 101 Mo. 525. Defendant had the possession and use of the land from the date of its entry thereon. The parties throughout the trial recognized that entry as an appropriation and plaintiffs are equitably entitled to interest to compensate for the use. *Phillips v. South Park Comr's.*, 119 Ill. 626; Lewis on Eminent Domain, sec. 499; *Drury v. Railroad*, 127 Mass. 585; *Cohen v.*

*Railroad*, 34 Kan. 158; *Railroad v. McComb*, 60 Me. 290; 61 Pa. St. 380.

VI. Plaintiff Lucas, after the entry by defendant, sold his interest in his land to his co-plaintiff, Weller. Objection is now made that Lucas is not a proper party to the suit. It is needless to inquire whether the deed from Lucas to Weller had the effect of transferring to the latter the right to recover the damages incurred prior to the conveyance. On this question the authorities are not harmonious. Lewis on Eminent Domain, sec. 318. It cannot be seen in this case how defendant can be prejudiced by the misjoinder. Both the grantor and the grantee, being parties to the suit, it is immaterial to defendant which may be entitled to the damages. Both will be concluded by a judgment, and that is all the interest defendant has in it.

VII. We have examined the evidence as far as it is set out in the abstracts, and think it justifies the verdict. The evidence of damage to the residue of the tracts is not overwhelming, but the fact that the road of defendant was built between the Missouri Pacific Railway and the remaining land, thus interfering with switching privileges, may deprive plaintiffs of some the benefits of that system in view of the adaptability of the land to manufacturing purposes, a demand for which appearing at the time in reasonable anticipation.

Finding no error that could affect the substantial rights of defendant the judgment is affirmed. All concur, except BARCLAY, J., absent.