J. R. COCHRAN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 5, 1902.

1. **Deeds:** DESCRIPTION: CONSTRUCTION: STREET: INTENTION: JURY QUESTION. When land is bounded by a street, the line is presumed to be the center of the street, unless the intention is otherwise; and if the description, construed most strongly against the grantor, leaves the intent in doubt, then it is a question for the jury.

2. ———: ———: ———: ———: ———: ———. The evidence relating to the boundary of a certain strip of land is reviewed and it is *held* that the defendant can not complain of sending the question to the jury since the deeds disclose an intent not to convey the grantor's interest in said land.

3. **Damages:** VALUE OF LAND: TAKEN BY RAILROAD. In assessing the value of land taken by a railroad for right of way, the jury should take into consideration the character of the land, its condition and quality and the use to which it might be put.

4. ———: LAND TAKEN BY RAILROAD: TRESPASSER: SUCCESSOR. A railroad trespassed upon plaintiff's land and made cuts and fills thereon and abandoned it. Subsequently defendant, as the successor of the trespasser, took possession, completed the road and used the right of way. Plaintiff then sued to recover the value of land so trespassed upon: *Held*, the suit validated the action of the trespasser and gave him the title, and plaintiff can not recover for the enhanced value arising from the improvements of the original trespasser.

5. **Appellate Practice:** EXCESSIVE VERDICT: VIOLATING IN-
STRUCTIONS: REMITTITUR.   Where the finding of the jury
violates the instruction of the court and is excessive, the appellate
court may order a remittitur.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,*
Judge.

AFFIRMED *si.*

*Geo. P. B. Jackson* for appellant.

(1) In view of the agreement made by plaintiff, this
defendant can be treated as having wrongfully entered upon
the strip of land in question.   And if plaintiff's deed to Medlin
did not convey this strip, then he would only be entitled
to recover damages of the same nature and to the same extent
as compensation might be awarded in a condemnation pro-
ceeding.   Baker v. Railroad, 57 Mo. 265; Bradley v. Rail-
road, 91 Mo. 493; McClellan v. Railroad, 103 Mo. 295;
Webster v. Railroad, 116 Mo. 114.   (2)   There was no
abandonment of the strip of ground as a right of way for the
railroad now operated upon it.   Morrill v. Railroad, 96 Mo.
174; Railroad v. Railroad, 129 Mo. 62.   (3) The improve-
ment having been made at the cost of the original company,
or of its creditors who were paid by the sale of the property
to the second company, which laid the track, the plaintiff is not
now entitled to recover anything on account of the value of
such improvements from this defendant as the subsequent
purchaser of that road.   McClellan v. Railroad, 103 Mo. 311.
(4) But, defendant claims, the plaintiff was not entitled to
recover at all because his deed to Sallie Ann Medlin conveyed
the land in dispute, and by the subsequent conveyance the
title to the same became vested in defendant.   Under the rule
the deed to Mrs. Medlin conveyed the land to the center of the
railroad right of way, subject only to the easement for the

railroad.   Bissel v. Railroad, 23 N. Y. 61; Mott v. Mott, 68 N. Y. 246; Geer v. Railroad, 37 Hun 346; Cox v. Railroad, 48 Ind. 178, 3 Kent's Com., 349.   (5) It was for the court to construe the deed and declare its meaning and effect. There was no conflicting testimony concerning any extrinsic facts which might affect the question of intention of the parties.   The court therefore erred in submitting that question to the jury.   Lime & Cement Co. v. Metal Co., 77 Mo. App. 21; Ford v. Dyer, 148 Mo. 528; State ex rel v. Lafaivre, 53 Mo. 470; Chapman v. Railroad, 114 Mo. 542; State ex rel. v. Donnelly, 9 Mo. App. 526; Soap Works v. Sayers, 55 Mo. App. 15; Matthews v. Danahy, 26 Mo. App. 660; Edwards v. Smith, 63 Mo. 119; Hunt v. Hunter, 52 Mo. App. 263; Smith v. Van Wyck, 40 Mo. App. 522.   (6) The intention of the parties must govern, and that intention the court must gather from the face of the instrument and the circumstances under which it was made.   Carney v. Water & Light Co., 76 Mo. App. 532; Del Bondio v. Dold Packing Co., 79 Mo. App. 465; Bradshaw v. Bradbury, 64 Mo. 336; 17 Am. and Eng. Ency. of Law (2 Ed.), p. 13; Hatch v. Douglass, 48 Conn. 116; 1 Greenl. on Ev. (13 Ed.), sec. 278; Dana v. Fiedler, 12 N. Y. 40; Nelson v. Ins. Co., 71 N. Y. 453.

*Scott & Bowker* for respondent.

(1) The intention of the parties is to govern in the construction of a deed, and in determining this the circumstances surrounding the parties and the subject-matter are to be taken into consideration.   If the descriptive monuments are ambiguous, parol evidence may be received to explain what the parties meant; and if there is a controversy over these extrinsic facts, it is for the jury.   Whitehead v. Ragan, 106 Mo. 231; Long v. Timms, 107 Mo. 512; Railway v. Frowein, 163 Mo. 1; Thorn Cement Co. v. St. Louis Co., 77 Mo. App. 21.   (2) Taking possession of another's land without author-

ity from him to do so, is illegal and wrongful, even though the act was done in pursuance to a purchase from another unlawful taker.    Ragan v. Railway, 144 Mo. 623.    (3) Where land is taken either by condemnation or wrongfully for a public use, the owner can recover the value of his land for any use to which it might be put.    Mississippi Bridge Co. v. Ring, 58 Mo. 491; Webster v. Railway, 116 Mo. 114; Railway v. Heiger, 139 Mo. 315.

ELLISON, J.—This action is to recover the value of a strip of land fifty feet wide running across, near the south end of an eighty-acre tract.    Plaintiff recovered judgment in the trial court.

It appears that plaintiff was the owner of the eighty acres of land and in possession thereof.    That in 1888 a railway corporation known as the Kansas City, Rich Hill and Eldorado Railway Company began the construction of a railway, and for that purpose agreed to pay plaintiff for a right of way, one hundred feet wide, through that and other land, two hundred and fifty dollars, one-half cash and one-half in six months.    That company failed to make the payment and did not take up the deed which plaintiff had had prepared for delivery.    Notwithstanding this, that company went upon the land against plaintiff's objection and made cuts and fills for a roadbed.

That company afterwards failed and abandoned the land without having built the road.    Plaintiff retook possession of the strip, fenced it in and used it for pasture down to 1898, when another corporation, known as the Kansas City, Rich Hill and Southern Railway Company, against plaintiff's objection, entered on the strip, tore down his fences and constructed a railroad thereon.    This road was afterwards purchased by defendant, which now operates a railway thereon.

The right of way went through the eighty acres near the south end, the greater part (about seventy acres) of the land

was north of the right of way. Plaintiff sold that part to Sallie M. Medlin "lying north of the railway survey of the Kansas, Rich Hill and Eldorado Railroad, containing seventy acres more or less." Plaintiff also sold to T. J. Pearce eight acres on the south, describing it as follows: "All that part of the E. 1-2 of the S. W. 1-4 of Sec. 29, T. 36, R. 29, that lies south of the right of way of the K. C., Rich Hill and Eldorado R. R. containing eight acres more or less."

It is contended by defendant that plaintiff has shown no interest in the subject-matter of this action, since according to defendant's view he conveyed the strip by his deed to Sallie M. Medlin. When land is bounded by a street or non-navigable stream or lake, the boundary line is presumed to be the center of the street, or stream, or lake. But if the description discloses an *intention* not to convey to the center, that intention will control. Mott v. Mott, 68 N. Y. 246; Ins. Co. v. Stevens, 87 N. Y. 287; Kirkpatrick v. Yates Ice Co., 45 Mo. App. 335; Hardin v. Jorden, 140 U. S. 371. And if the description as written, construing it most strongly against the grantor, leaves the intent in doubt, the court may properly leave the fact to be ascertained by a jury.

The description in controversy is "all that part of the" eighty acres "lying north of the railway survey . . . containing 70 acres of land more or less." Each party introduced evidence of surveyors and civil engineers to show what the expression "railway survey," in this connection meant. These witnesses, in a general way, stated the view favorable to the party calling them. The court submitted the meaning as intended by the parties to the jury. It seems to us that such action by the court was as much as defendant could ask for. The most that defendant could reasonably claim in this situation of the case at this point, was that the intent was uncertain. Ordinarily it is presumed that one would have no private use or need for a highway after parting with the land on either side; it would be of no value to him, and, therefore,

will be presumed to have been deeded to the abutting pur-
chasers.   On the other hand, in this case, the two deeds above
referred to contain that which tends to show that the railroad
right of way was not intended by plaintiff to be parted with,
for the Medlin deed is limited to seventy acres (more or less)
and the Pearce deed is limited to eight acres (more or less)
thus disclosing that the whole eighty was not intended to be
conveyed.   But more than this, the strip in controversy had
not been acquired by the railroad company as a right of way.
There was no easement upon it.   It had not assumed such
condition as to be of no interest to a private owner, as is the
case with streets and highways.

The court gave an instruction to the jury which directed
the allowance of a reasonable value and that, in determining
the value they should take into consideration the character
of the land, its condition and quality, and the uses to which
it might be put.   This was a proper instruction.   Webster
v. Railway, 116 Mo. 114; Mississippi Bridge Co. v. Ring,
58 Mo. 491; Railway Co. v. Heiger, 139 Mo. 315.   But the
jury in arriving at the value evidently allowed the grading—
the construction of the roadbed by the original trespassing
company—to be considered as adding to the value of the land.
Plaintiff defends this by the statement that the work thus
done on his land against his warning and against his consent,
became his; and that when defendant came to appropriate
the land, it took such added value from him.   Plaintiff illus-
trates his position by the statement that if a trespasser digs a
well on his land, and afterwards a railway company condemns
the land, he is entitled to the value of the land enhanced (it
may be) by the well.   We may grant this, but it does not
meet the facts in this case.   The defendant here is the suc-
cessor in claim to the land from the one who constructed the
roadbed.   If a trespasser builds a house on my land over my
protest, it becomes mine.   But if I elect, within the period of
limitation, to sue him, or those claiming under him, for the

value of the land thus appropriated, I can not have the house included in that value, for I have validated his act and he should have the title.

Under the theory that plaintiff was entitled to the value of the roadbed, plaintiff asked judgment for fifteen hundred dollars; and witnesses estimated the value by going into calculations of the value of the roadbed and of the cost by cubic yards of excavations and fills. The court, however, instructed the jury that plaintiff was not entitled "to recover anything on account of the supposed value or cost of constructing the cuts and fills." The jury, nevertheless, allowed plaintiff one hundred and thirty-seven dollars. That sum was one hundred dollars (or more) than the value of the land without the roadbed, as fixed by the evidence. Plaintiff should, therefore, remit one hundred dollars; and if he does so within fifteen days we will affirm the judgment—otherwise it will be reversed and the cause remanded. All concur.