# KANSAS CITY v. MASTIN REALTY & MINING COMPANY et al., Appellants.

### In Banc, December 24, 1913.

1. **WIDENING STREETS: Damages and Benefits: Wrong Verdict: Induced by Appellant's Testimony.** Although the jury made unequal and disproportionate assessments of the damages and benefits to the property in the proceeding to widen the street, and in estimating benefits charged against appellant an excessive sum, yet if the instructions were correct, and

their seeming disregard of them was induced by the statement to them at the trial of appellant's accredited agent to the effect that appellant only desired that the benefits should not exceed the damages, and the benefits assessed by the jury were less than the damages, the verdict will not be set aside.

2. ———: ———: ———: **Induced by Testimony of Appellant's Accredited Agent: Scope of Power: Mistake.** Where appellant's accredited agent appeared before the jury and stated that appellant only desired that the benefits assessed against his property abutting on the street to be widened should not exceed the damages, such statement was within the scope of his agency, and if he misconceived his instructions or exceeded the power delegated, the appellant is bound thereby, as much so as if he had been present and made the mistake himself, since the statement was made without any notice to the jury of any limitation or restriction upon the agent's apparent authority.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*Boyle & Howell* and *Joseph S. Brooks* for appellant.

(1) Under the evidence and instructions in the case, the appellant was entitled to have the jury assess benefits against its property not taken as compensation for the property taken and damaged, an amount bearing the same ratio to the whole amount of benefits, assessed against private property, as the benefits to each lot or parcel bear to the whole benefits to all the private property assessed. (2) The jury could not assess a greater benefit to the property of appellant than it actually received. The verdict of the jury was against the law and the instructions of the court, in that it assessed greater benefits to the property of appellant than the benefits to each lot or parcel bore to the whole benefits to the property assessed. (3) The verdict must be responsive to the issues. The

finding of the jury must be based on the instructions, and a verdict disregards the rule of assessment of benefits as directed by the court in the instructions and is based upon a different rule, is erroneous and should be set aside. Payne v. Railroad, 129 Mo. 421; Roden v. Helm, 192 Mo. 94; Schneider v. Patton, 175 Mo. 723; Ross v. Ross, 81 Mo. 84; Irvin v. Chiles, 28 Mo. 576; Winklman v. Maddox, 119 Mo. App. 658; Dailey v. Columbia, 122 Mo. App. 21. (4) The mere statement of a witness that a claimant was willing to have the damages for taking its property equalized with the benefits accruing to other property not taken could not authorize the jury either to diminish its damages or increase its benefits. (5) The rule that verdicts of juries and judgments of courts cannot go beyond the issues of the trial, applies in condemnation proceedings equally with other cases. Ross v. Gates, 183 Mo. 338; Buchanan v. Kansas City, 208 Mo. 674; St. Louis v. Brinekworth, 204 Mo. 296. (6) The jury could not consider the statement of Tempofsky as ceding away any of the rights of the appellant. The jury could not on such evidence (if we may call it evidence) increase the amount of benefits sustained by appellant's property and correspondingly reduce the benefits to the property of others in the benefit district. Payne v. Railroad, 129 Mo. 405; Roden v. Helm, 192 Mo. 94.

*A. F. Evans* and *Francis M. Hayward* for respondent.

(1) It is claimed that the witness Tempofsky did not testify as he was instructed to by Mr. Mastin. That is the substance of the complaint. But it is no ground for a new trial, that a witness failed to testify as he was instructed. But there is nothing in the record to show that Tempofsky made any mistake. The blank affidavits filed five days after the motion for new trial certainly have no probative force, and besides, it was the province of the lower court to pass on such affi-

davits, if they had been affidavits. Trial court has large discretion even on passing on affidavits in aid of new trial. Esler v. Railroad, 109 Mo. App. 580. (2) There is no claim in the motion for new trial that Tempofsky made a mistake or was not authorized to give the testimony he did at the trial. The motion for new trial is based wholly on the idea that the verdict is against the law and the evidence, stated in various ways. The idea that any witness made a mistake appears for the first time in the unsworn affidavits of Mastin and Tempofsky filed November 30, 1912, whereas the motion for new trial was filed November 25, 1912, and the verdict was filed November 21, 1912. So that these unsworn affidavits cannot be a part of the motion for new trial, as they were not filed until nine days after the verdict was rendered. The point not being saved by the motion for new trial is not before this court. Errors committed at the trial not called to the attention of the court in the motion for new trial, cannot be considered on appeal. State v. Kimmons, 124 Mo. App. 498; State v. Brannon, 206 Mo. 639; Grisham v. Ins. Co., 130 Mo. App. 63. (3) Appellant got exactly what its own agent and representative said it wanted, and it surely cannot complain. *Volentia non fit injuria.* Robinson v. Musser, 78 Mo. 163. If during the trial appellant invites a certain judgment, he cannot complain thereof in the appellate court. Baily v. McWilliams, 111 Mo. App. 35. On appeal appellant cannot complain of an error which he himself produced or aided to produce. Hogan v. Hinchey, 195 Mo. 533; Schrodt v. St. Joseph, 109 Mo. App. 631; Estes v. Nell, 163 Mo. 395; Gayle v. Car & Foundry Co., 177 Mo. 427; Walland v. Railroad, 144 Mo. App. 211.

## STATEMENT.

This is a condemnation proceeding under an ordinance of Kansas City for the widening of Nineteenth street between specified limits. Proper steps were

taken in the circuit court as prescribed by the charter of said city and a jury called to assess the respective benefits and damages of the owners of the property lying within the benefit district, who returned their verdict on the 25th of October, 1912.

On the trial the evidence showed that fifteen feet of the south side of Nineteenth street (running east and west) were taken for the distance of three blocks in order to widen it according to the ordinance, that appellant owned the entire frontage on both sides of one of the three blocks to be widened, being the distance between McGee street and Grand avenue. The amount of damage assessed the appellant was $38,000, and it was charged as benefits in the sum of $37,617.69. The only part taken by appellant during the trial was the following testimony given by his employee Isaac Tempofsky.

"Q. What property is it you represent? A. All of Block 39, Mastin's Subdivision. All we have to say in the case is, we think the benefits should not exceed the damages. That is about all there is to say, as we own on both sides of the street.

"Cross-examination:

"Q. That is the attitude of the owners of the Mastin property, that if it is an offset, the damages and benefits be equal, they are satisfied? A. Yes, sir.

"Q. Do the owners of your property think this is a general benefit to the neighborhood and to the property? A. Yes, sir."

After the verdict appellant duly moved for a new trial and was allowed ten days thereafter to file affidavits in support. Within said time two unsworn statements in the form of affidavits were filed by appellant, the one signed by its president, the other signed by its agent Isaac Tempofsky. In substance Mastin stated: that his company owned certain property on Nineteenth street within the locality where it was to be

widened; that he favored the widening of the street and undertook to express his views to Isaac Tempofsky, an employee of his company; that being out of the city he did not appear as a witness himself; that the testimony given by Tempofsky is not in harmony "with what affiant purposed touching the widening of said street," adding, "Mr. Tempofsky's testimony was that I would be satisfied as long as the benefits did not exceed the damages, or *vice versa*, but he did not intend to mean my benefits or my damages but of the entire property taken, and referring also to the entire benefits and damages." He further complained that the verdict of the jury would cause him to lose $3500 after having donated the property for the widening of the street, and that said amount of $3500 should have been allowed him as damages for reconstruction. The statement of Mr. Tempofsky is, to-wit:

In the Circuit Court of Jackson County, Missouri, at Kansas City.
N. 68513.

In the matter of the opening and widening of Nineteenth street from the east line of Main street to the west line of McGee street.

County of Jackson. ⎱ ss.
State of Missouri, ⎰

Isaac Tempofsky, being first duly sworn, says:

I am the agent of the Mastin Realty and Mining Company, and testified before the jury having under consideration the widening of Nineteenth street, Kansas City, Missouri. I have read the affidavit of T. H. Mastin, filed herein, and am familiar with the contents of the same. That it was my purpose in testifying before the jury to express the thought as contained in Mr. Mastin's affidavit, and if the jury got a different impression I certainly misstated myself, or the jury misconstrued my testimony. Mr. Mastin had instructed me to do all that I could to assist in the enterprise of widening said street, but he certainly did not authorize me to give the company's property away with such liberality as has been done in the jury's verdict.                    ISAAC TEMPOFSKY.

Subscribed and sworn to before me this 29th day of November, 1912.                    ――――    ――――― ,

Notary Public, Jackson Co., Mo.

The motion for new trial was overruled and this appeal is only prosecuted by Mastin Realty and Mining Company. Other evidence bearing on the errors complained of by appellant will be noticed as much as is needful in ruling upon the same.

## OPINION.

### I.

BOND, J. (After stating the facts as above).—The errors assigned are, that the jury made unequal and disproportionate assessments of the property of appellant. The evidence shows that in estimating benefits the jury charged a sum against plaintiff in excess of what should have been apportioned to it considering the extent of the entire benefit district and considering also the proportions of the total benefits which should have been borne by it and by other property owners respectively; this was particularly the case as to the relative amount of assessments of benefits found against appellant and one Tilney. No apparent reason existed for the discrimination between these two parties, since the jury awarded one of them damages for reducing his lot to thirty-five feet, and assessed against the other a benefit for reducing his lot seventeen feet; the two lots being on opposite sides of the street. In view of this action of the jury we would reverse and remand this case except for the basis afforded to their findings by the testimony of Tempofsky, who was sent to testify before them on behalf of appellant. But considering the testimony and the statement explanatory thereof made by the president of the appellant corporation and submitted on its motion for new trial, we do not feel at liberty to award appellant the redress it would have been otherwise entitled to on this appeal. There was no misdirection as

*Invited Error.*

to the rule governing the assessment of benefits and damages to the various property owners expressed in the instructions of the court, which in substance embraced the provisions of the charter of Kansas City on that subject, and the general law applicable to such matters. [Webster v. K. C. & S. Ry. Co., 116 Mo. 118.]

The seeming disregard of that rule by the verdict of the jury was induced by the statement on the witness stand of appellant's accredited agent, that appellant only desired an equation of benefits and damages in the assessments which the jury might make for this desirable street widening. Appellant got that, for the damages given it slightly exceeded its burdens in the way of damages.

## II.

The only question which can arise as to the preclusiveness on this appeal of the testimony given for appellant on the trial is whether Tempofsky was authorized by it to appear as its representative? That he was so employed is clear from the statement made in support of its motion for new trial; and if it be true the witness exceeded his instructions or misconceived them, still he was acting within the apparent scope of his agency when he appeared and testified, and hence his principal is just as much bound by that testimony as if it had conformed in all respects to the directions given to the agent. Mr. Mastin, the president of appellant, saw fit to entrust the communication of his "attitude to the widening of Nineteenth street" to its employee, and that communication having been made without notice of any limitations to the court and jury, the verdict rendered in accordance with the testimony thus adduced is just as free from legal objections as if it had been based on the same testimony falling from the lips of the president of the corporation if he had chosen to appear as the witness, which he says he intended to do,

*Mistake of Accredited Agent.*

but that on account of absence he delegated that task to his agent.

The law is the guardian of the rights and property of all persons, but it does not undertake to stand sponsor for their failure to exercise ordinary care and vigilance in the management of their own business. *Vigilantibus et non dormientibus jura subveniunt.* If any loss has happened to appellant in this matter it resulted simply from voluntary inattention to his private business. [Gayle v. Mo. Car & Foundry Co., 177 Mo. l. c. 455; Estes v. Nell, 163 Mo. l. c. 395.]

We discover no reversible error in the judgment, it is affirmed. *Lamm, C. J., Graves, Brown, Walker,* and *Faris, JJ.,* concur; *Woodson, J.,* dissents.