HOWARD T. RICHARDSON, et als., *vs.* FRANK W. WOOD.

Cumberland.    Opinion April 20, 1915.

*Brief Statement.    Exceptions.    General Issue.    Motion to Dismiss.    Petition.*
*Pleadings.    Selecting his Tribunal.    Statements of Presiding Justice*
*during trial.    Trespass Quare Clausum.*

1.    Where defendant has filed a motion to dismiss upon the ground that the suit has been brought without the authority or knowledge of one or more of several plaintiffs, and, upon hearing by the court, the motion is overruled, it is not open to defendant to raise the same issue by brief statement. The defendant, without objection of plaintiffs, submitted the issue to the court and, having thus selected his tribunal, he must abide the result.

2.    Nor is defendant aggrieved by the joinder of the persons named, who made no complaint of their joinder nor asked to be dismissed. The most that is shown is indifference on their part.

3.    Where exceptions are taken to statements or remarks of the court made from time to time during the progress of the trial without other specification than a reference to the record of the case, the familiar rule must be invoked that, where,

instead of presenting each ruling or statement objected to by itself, clearly and comprehensively, such rulings or statements are presented indiscriminately, they cannot be considered.

4. The exceptions lack the particularity and clearness required by law, but a careful reading of the portion of the charge which is before us does not disclose that the defendant was prejudiced or aggrieved.

On exceptions by defendant. Exceptions overruled.

This is an action of trespass quare clausum, brought by Howard T. Richardson, Leland S. Richardson, Daniel T. Richardson, John S. Richardson, A. E. Flint, Clara A. Allen and George P. Richardson, being all and the only heirs at law of their father Daniel T. Richardson, deceased intestate, who owned the premises at the time of his death, against Frank W. Wood for cutting and carrying away trees therefrom. The defendant plead the general issue and filed brief statement. The defendant filed a petition, asking that the suit be dismissed, because it was commenced and entered in court without the knowledge and consent of John S. and Howard T. Richardson, two of the plaintiffs. Upon hearing, the presiding Justice denied the petition, to which ruling the defendant excepted. The defendant also had several exceptions to the admission and exclusion of evidence.

The case is stated in the opinion.

*William Lyons*, for plaintiffs.

*Hinckley & Hinckley*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J. This is an action of trespass *quare clausum* to recover damages for the unlawful entry upon the wood lot of plaintiffs and the cutting and carrying away of trees therefrom. The case is here upon exceptions of defendant. The brief of his counsel declares three questions to be presented to this court.

I. "Whether or not after petition has been addressed to the Presiding Justice, asking that case be dismissed on the ground that suit was brought without authority, or even knowledge of plaintiffs, and the Court orders the case to trial, this question would then be a proper matter for the jury to determine the facts under proper pleadings."

The petition referred to does not appear in the record of the case. We shall assume it to have been a motion to dismiss. A motion to dismiss can be only sustained where the defect is disclosed upon inspection of the writ. So this court has repeatedly held from *Upham* v. *Bradley,* 17 Maine, 423, 426, to *Hubbard* v. *Limerick W. & L. Co.,* 109 Maine, 248, 250. The motion, however, was heard by the Justice presiding without objection on the part of plaintiffs and overruled. To this ruling defendant took no exceptions.

The defendant then filed the general issue and set up, by way of brief statement, the same matter covered by the motion, that is that the suit was brought without the authority, consent or knowledge of several of the joint plaintiffs. Whether such an objection can ever be set up by brief statement filed with the general issue (*Trustees, etc.,* v. *Kendrick,* 12 Maine, 381) we need not determine, as we think it was not open to defendant to do so under the circumstances of this case for two reasons:

1. The defendant without objection of plaintiffs submitted the issue to the court without reserving the right to exceptions, if, indeed, exceptions lie, and taking none. Having selected his tribunal he must abide the result.

2. The defendant is not aggrieved by the joinder, as plaintiffs, of the persons named. The latter made no complaint of their joinder nor asked to be dismissed. The most that is shown is indifference on their part. See *Cinfel* v. *Malena,* 67 Neb., 95, 100; see also *Webster* v. *The Kansas, etc., Ry. Co.,* 116 Mo., 114, 122.

II. "Whether or not the jury were liable to be prejudiced or influenced by the statements of the Presiding Justice, as appears in the printed copy of the case and referred to in the argument."

This court is not certain that it understands what is intended by this inquiry. If it refers to the exceptions to the instructions of the court, they will be considered later. If, however, it refers to statements made from time to time by the presiding Justice while the testimony of witnesses was being taken out, contained in twenty-two pages of record, the court must invoke the familiar rule that where, instead of presenting each ruling or statement by itself, clearly and comprehensively, the rulings and statements are presented indiscriminately, they will not be considered. *McKown* v. *Powers,* 86 Maine, 291, 293; *Wilson* v. *Simmons,* 89 Maine, 242, 258.

III. The third inquiry is stated to be "a question of requested instructions whether or not, after excluding evidence, the Presiding Justice was right in referring to this excluded matter he did in his charge to the jury, that part of the charge being printed with the case."

· Finding no requested instructions in the case as printed, we conclude this inquiry must refer to the exceptions taken to the charge to the jury which are

"Exceptions to all that part of charge pertaining to lack of knowledge of plaintiffs or lack of authority to use plaintiff's name in bringing suit, and any and all discussion in charge relating to evidence or evidence excluded in connection with this matter."

"Exceptions to Court's charge in discussing matters excluded by Court at trial and explaining in charge matters excluded which the evidence and records do not reveal; referring especially to matters properly coming under brief statement."

In these exceptions there is again the lack of the particularity and clearness required by law. Upon careful reading, however, of that portion of the charge which appears in the record, we are unable to find that defendant was prejudiced or aggrieved thereby. See *Donnelly* v. *Granite Co.*, 90 Maine, 110, 117; *Freeman* v. *Dodge*, 98 Maine, 531, 538; *Hovey* v. *Chase*, 52 Maine, 304, 318; see also *Copeland* v. *Hewett*, 96 Maine, 525, 529.

*Exceptions overruled.*