Otto WALLIS, Plaintiff-Appellant,

v.

ST. LOUIS COUNTY et al.,
Defendants-Respondents.

Nos. 38764 & 38468.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 14, 1978.

**94**

Paul W. Kopsky, Michael J. Doster, Mastorakos, Kopsky & Doster, Chesterfield, John P. King, St. Louis, for plaintiff-appellant.

Thomas W. Wehrle by Christine C. Pernoud, Robert C. Jones, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, McBride & Simon, St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiff Otto Wallis appeals from a judgment of the St. Louis County Circuit Court dismissing his petition for failure to state a cause of action as to defendants St. Louis County, Bowman, Mueller and Unknown Parties, and from a judgment on the pleadings rendered in favor of defendants Tappmeyer.

REVERSED AND REMANDED.

We shall refer to the parties by name or as plaintiff and defendants.

Plaintiff brought a quiet title action requesting the court to adjudge and declare that he is the owner in fee simple of the accretions to Lots 2, 4 and 5 of the subdivision of the Madden Tract situated on Creve Coeur Lake in St. Louis County. There were 70.313 acres of accretions. Appellant also sought in his petition to have the court nullify and cancel a "Collector's Deed for Taxes", alleging that the accretions were sold to defendant Bowman for a grossly inadequate consideration and further that the statutory provisions for the sale of real property by the county collector are unconstitutional and void.

The petition alleges that on May 6, 1938 Wallis was the grantee of Lots 2, 4, 5, 9 and 10 of a subdivision of the Madden Tract in St. Louis County and that the deed conveying the real property to him included " ' * * * any legal accretions thereto which may now exist or which may become attached thereto in the future; ' ". At the time of the conveyance to Wallis there existed some 70.313 acres of accretions. The description in this deed is as follows:

" 'Lots 2, 4, 5, 9 and 10 of the Subdivision of the Madden Tract, in the U.S. Survey 3094, Township 46 North, Range 5 East, together containing 230.476 acres, according to survey thereof executed by Elbring Surveying Company in November and December 1936, a plat of which survey, attached to deed recorded in Book 1413 Page 575 of the St. Louis County Records, is recorded in Plat Book 33 Page 18 of said records . . . .' "

On October 11, 1939 Wallis by general warranty deed conveyed Lots 2, 4 and 5 to Duenke without mentioning accretions.

On October 31, 1939 Wallis by quitclaim deed conveyed Lots 9 and 10 to Hughes including in the deed " 'any legal accretions thereto which may now exist or may become attached thereto in the future, . . . .' "

On March 23, 1954 Duenke by general warranty deed conveyed Lots 2, 4 and 5 to defendants Tappmeyer (two married couples) without mentioning accretions.

Defendants Tappmeyer conveyed portions of Lots 2, 4 and 5 to St. Louis County by two separate deeds, " '* * * together with all accretion, and reliction belonging thereto, * * *.' " The deeds were dated December 22, 1971 and January 4, 1972.

On August 31, 1972, the 70.313 acres of property comprising the accretions were purportedly conveyed to defendant Bowman by the collector of St. Louis County by means of a collector's deed for taxes. The consideration for the transfer was $555.00 representing the amount of delinquent taxes assessed against the real property.

On September 23, 1972 the 70.313 acres were conveyed by defendant Bowman by quitclaim deed to defendant Mueller.

The petition alleges that the defendants St. Louis County and Tappmeyer have no right, title or interest in the accretions and that plaintiff Wallis is the owner in fee simple of all accretions to Lots 2, 4 and 5.

Defendants Tappmeyer filed an answer in the nature of a general denial and later a separate motion for judgment on the pleadings. All of the other defendants filed separate motions to dismiss on the ground that plaintiff's petition failed to state a claim upon which relief could be granted. The court granted defendants' motions to dismiss and dismissed plaintiff's petition and granted defendants' Tappmeyer motion for judgment on the pleadings.

Accretions and relictions are gradual and imperceptible additions to or increases in riparian land that are brought about by natural or artificial causes. Accretion is the washing up of sand or soil so as to form firm ground. Reliction is the uncovering of land by a gradual subsiding of waters. The same law governs the acquisition of title to both accretions and relictions. Therefore, for the purposes of this opinion, when the word "accretions" is used it will encompass both accretions and relictions. 78 Am. Jur.2d, Waters § 406, § 410 and § 411.

■ Although plaintiff does not style this a quiet title action, his petition claiming title to the 70.313 acres of accretions names as defendants others claiming title to the same real property, and asks the court to determine the title to the real property by declaring the fee simple title to the accretions to be in plaintiff. In seeking a determination of title and interests among various claimants, the petition states a cause of action as contemplated by § 527.-150, RSMo 1969 and Rule 93.01 V.A.M.R. and we shall treat it as such.

■ The statute relating to suits to determine interest and quiet title is remedial and is to be liberally construed. § 527.150, RSMo 1969; *Bailey v. Williams,* 326 S.W.2d 115 (Mo.1959); *White v. Kentling,* 345 Mo. 526, 134 S.W.2d 39 (1939).

■ In reviewing the dismissal of a petition for failure to state a claim or cause of action, this court is required to construe the petition favorably and to give the pleader every reasonable and fair intendment in view of the facts alleged. If the allegations invoke principles of substantive law which may entitle the pleader to relief, the petition is not to be dismissed. If the facts pleaded and the reasonable inferences to be drawn therefrom looked at most favorably from the pleader's standpoint show any ground upon which relief may be granted, the plaintiff has a right to proceed. *Watson v. Franklin Finance,* 540 S.W.2d 186 (Mo.App.1976); *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625 (Mo.App.1975). A petition is not to be held insufficient merely because of a lack of definiteness or certainty. *Zuber v. Clarkson Const. Co.,* 363 Mo. 352, 251 S.W.2d 52 (1952); § 509.250, RSMo 1969.

Upon first analysis it would seem that the judgment on the pleadings in favor of the four Tappmeyer defendants should be affirmed. They claim no interest in the real property, having conveyed their interests to St. Louis County by means of two different deeds. According to the petition, however, plaintiff conveyed 160.766 acres to the Tappmeyers, whereas the two deeds from the Tappmeyers to St. Louis County conveyed a total of only 158.44 acres, a difference of 2.326 acres. The deeds to St. Louis County from the Tappmeyers contain detailed descriptions of the land conveyed by metes and bounds and the words "more or less" after stating the number of acres. The discrepancy may be meaningless but the facts should be known even if there is only a distant possibility that it relates to the disputed accretions. Because of this difference in area and because the Tappmeyers' motion for a judgment on the pleadings is based on an alleged failure of the petition to state a cause of action, the Tappmeyer motion will be considered along with the motions to dismiss of the other defendants.

The petition, when construed most favorably to the plaintiff, contains all of the elements of an action to quiet title. Section 527.150, RSMo 1969 permits any person who claims any title or interest in real property to institute an action against any other person or persons having or claiming to have any title, estate or interest in the property to ascertain and determine the estate, title and interest of the parties in the real property, and to define and adjudge the rights of the respective parties in the real property. In *Titus v. Tolle,* 284 Mo. 175, 223 S.W. 885 (1920) the Missouri Supreme Court remanded a similar case after the plaintiff's petition had been dismissed by the trial court. The Supreme Court in its decision said at page 886:

"1. Plaintiff's amended petition sets forth all of the foregoing facts, and some others which we deem unnecessary to notice, in passing upon its validity as stating a cause of action. Does the petition state a cause of action? We think it does,

under the provisions of section 2535, R.S. 1909. It pleads that plaintiff is the owner in fee of said premises, and claims that title, and sets forth with particularity how his claim of title was derived. It sets forth that defendant makes some claim of title or interest therein, and further sets forth, with particularity, how such claim was derived, and alleges its invalidity. We think these averments were sufficient to invest the trial court with jurisdiction to ascertain and determine the title thereto between plaintiff and defendant, and to adjudge their relative rights in and to said premises."

The statute referred to by the court is the one then in effect relating to quiet title actions and is similar to § 527.150, RSMo 1969. Appellant here alleges his fee simple title, the claims of the defendants and avers with particularity how the claims of title were derived. Appellant is entitled under a liberal construction of the statute to an adjudication of his title and interest in the real property by the court. We are empowered to make that adjudication if the proper record is before us but obviously cannot make a ruling or judgment based on the petition alone and therefore the case must be remanded. For additional cases in which the dismissal of a quiet title petition was held to be error see *Evans v. Brussel,* 300 S.W.2d 442 (Mo.1957) [cert. denied, 362 U.S. 919, 80 S.Ct. 673, 4 L.Ed.2d 740 (1959)] and *Pettus v. City of St. Louis,* 362 Mo. 603, 242 S.W.2d 723 (1951). In *Pettus* the court reversed the judgment dismissing plaintiff's petition and remanded the cause saying at page 729, "We have stated in suits under said paragraph 1684 (now § 527.150, RSMo 1969) that a party setting up title in himself, as here, is entitled to an adjudication of his existing title, and *if he have no title the court should so adjudge or decree.* (citing)." (Parentheses and emphasis added.)

Defendants Tappmeyer rely on the point that accretions exist only in a navigable body of water and contend that all motions to dismiss were properly sustained because no facts were pleaded which could be used to support evidence of the navigability of

Creve Coeur Lake. They cite *Kirkpatrick v. Yates Ice Company,* 45 Mo.App. 335 (1891) in which the court at page 338 states, "In our opinion the rule most consonant with reason is, that on unnavigable lakes the abutting proprietor's title extends to the center of the lake." In *Kirkpatrick,* however, the court continued, saying at page 339, "It may be that a trial will disclose this lake to have been one over which the government surveys by sections have been extended, just as though it was dry land and that titles have been conveyed with reference to such survey. In such case, plaintiff's boundary would be confined to the literal terms of his deed."

In *Kirkpatrick* the court held it was error to sustain a demurrer and remanded the cause for trial so that the evidence of the survey could be considered. If the description in a deed discloses an intention not to convey to the center of a non-navigable stream or lake, that intention will control. *Cochran v. Missouri, K. and T. Ry. Co.,* 94 Mo.App. 469, 68 S.W. 367 (1902). To ascertain the intention of plaintiff, it would be necessary to consider the evidence of the surveys referred to in the deed at a trial on the merits.

Further, all of the parties here assumed that accretions existed. Plaintiff conveyed accretions in his deed to Hughes. He did not do so in his deed to Duenke. Duenke did not convey accretions in his deed to the Tappmeyers but they conveyed accretions in their deeds to St. Louis County. St. Louis County recognized accretions as separate from the main parcels when it conveyed to Bowman by means of the tax deed. The absence of an allegation of non-navigability is not grounds for dismissal of the petition. If indeed plaintiff owned to the center of the lake, title may have to be quieted after the facts are determined in an entirely different manner.

Defendants rely heavily on *Gorton v. Rice,* 153 Mo. 676, 55 S.W. 241 (1900). The subject there was accretions to land along the Missouri River. The court held that a deed which contained no words of limitation which would reserve the accretions to the grantor conveyed all accretions to the grantee. A later case, *Bixby v. Backues,* 346 Mo. 955, 144 S.W.2d 112 (1940), followed *Gorton,* saying that a deed which did not contain any exceptions or reservations as to accretions presumptively carried with it all accretions previously formed to the land described. The court went on to say that the "presumption" was strengthened by the fact that the deed indicated the river as a boundary.

*Frazier v. Shantz Real Estate and Investment Company,* 343 Mo. 861, 123 S.W.2d 124 (1938) sets forth an exception to the rule in *Gorton.* If the accretions themselves have been conveyed earlier, a description that would otherwise carry with it all accretions does not convey the portion of land conveyed before. This exception is inapplicable here since there is no allegation of a previous conveyance of the 70.313 acres of accretions.

In *Frank v. Goddin,* 193 Mo. 390, 91 S.W. 1057 (1906) another exception to the rule in *Gorton* was made, the court holding that a grantor may convey his property by such fixed boundaries that he would retain title to any accretions not within those fixed boundaries. Clearly plaintiff would be permitted to introduce into evidence the deed referred to in the petition and the surveys referred to in the deed. Without allowing plaintiff to adduce evidence of the surveys referred to in the deed, it is not possible to determine whether he reserved to himself title to the accretions when he deeded Lots 2, 4 and 5 to the defendants Tappmeyer. If the deed, taking into consideration the surveys which are a part of the deed, describes the real property conveyed in such a way as to except the accretions, plaintiff may be able to bring his deed to the Tappmeyers under the exception in *Frank v. Goddin, supra.* At a trial on the merits, plaintiff would be permitted to introduce into evidence the deed referred to in the petition. *Smiley v. Smiley's Executors,* 92 Mo. 105, 4 S.W. 443 (1887); 29 Am.Jur., Evidence § 861. Plaintiff would also be able to introduce evidence of the United States survey referred to in the

deed. *Ohlson v. Batterton,* 230 S.W. 110 (Mo.1921).

 It is alleged in the petition that the survey by the Elbring Surveying Company is attached to the deed which was recorded and which conveyed the property to plaintiff. This survey then is admissible in evidence under *Wolf v. Miravalle,* 372 S.W.2d 28 (Mo.1963) where it was held at page 31, " * * * When a recorded map or plat of a subdivision is referred to in a deed conveying a portion of the tract, the map or plat becomes as much a portion of the deed as if it were fully incorporated therein. * * * "

We hold that under the pleadings plaintiff could have proved by means of the surveys that he conveyed the land · to Duenke in the 1939 deed by such boundaries and descriptions that he reserved to himself title to the accretions.

 Plaintiff admits that he has no standing to challenge the collector's deed for taxes unless he can prevail as the owner of the accretions. Upon retrial, if the court decides in plaintiff's favor as to his title to the accretions, the matter of the collector's deed for taxes must be litigated. If it is determined that plaintiff has no interest in the accretions, he has no standing to challenge the tax deed and there need be no further proceedings.

Based upon the required liberal construction of the quiet title statute and an analysis of the pleaded facts interpreted most favorably for the plaintiff, we find that plaintiff's petition states a cause of action. The defendants' separate motions to dismiss and the Tappmeyers' motion for judgment on the pleadings should have been denied.

REVERSED AND REMANDED.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.