59192, 59193. WESTMORELAND et al. v.
BEUTELL et al. (two cases).
59194. BEUTELL et al. v. WESTMORELAND et al.

BANKE, Judge.

This is a boundary line dispute in which the central issue is whether the appellants' property borders the Chattahoochee River or whether it borders the bank of that river. If the latter is the case, then the entire riverbed belongs to the appellees and the appellants have no access to the river.

The parties agreed to a trial before the court without a jury, and the judge returned a verdict for the appellees. The appellants filed two appeals, one from the denial of their motion for new trial and another from the denial of a motion to set aside the judgment. A 10-month delay in completing the transcript subsequently ensued due to a problem in reproducing some exhibits. The appellees moved to dismiss the appeal pursuant to Code Ann. § 6-809, alleging that the delay was both unreasonable and inexcusable. They cross appeal from the trial court's denial of this motion. The appellants have filed a motion to dismiss the cross appeal, citing the appellees' failure to provide page references to the record and transcript as required by the rules of this court. *Held:*

1. As the appellees (cross appellants) have submitted a new brief containing the appropriate page references, the appellants' motion to dismiss the cross appeal is denied.

2. Code Ann. § 6-809 (b) provides that the trial court *"may,"* (emphasis supplied) after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable and inexcusable delay in filing the transcript. This language, being permissive rather than mandatory, affords no ground for reversal of the trial court's decision not to dismiss the appellants' appeal. The cases cited by the appellees are inapposite in that they all concern appeals from grants of such motions to dismiss.

3. Where a deed establishes a non-navigable stream as a boundary line, the owners on either side are entitled to the land running to the thread or center of the main current. Code § 85-1302. See also Pindar, Ga. Real Estate Law 451, § 13-19; 12 AmJur2d 564, Boundaries, § 22. Where the line is described as running to the stream, language which describes it as thereafter running "with," "along," "by," "on," "up," or "down" the stream will be construed to carry the title to the center unless contrary intention appears from the instrument. 6 Thompson, Real Property 718, § 3075 (1962 Ed.). The relevant language in the deed. at issue in this case, however, does not provide that the line runs merely *to* the stream. Rather, it provides as follows: "Commencing on the west bank of the Chattahoochee River at a corner . . . at or near a ford of said river, thence in an eastern direction *across* the river, thence in a northern direction up said river to a white oak near the bank of said river . . ." (Emphasis supplied.) This description of the line as running across the river is consistent with the appellees' contention that the deed was intended to convey the entire riverbed. See 6 Thompson, Real Property 744, § 3082 (1962 Ed.); III American Law of Property 245-246, § 12.27 (1952). Although the appellants contend that there is other language in the deed which evidences a contrary intention to make the center line of the river the boundary, we do not find any language which would demand such a construction.

4. Since the language in the deed is ambiguous, the trial court committed no error in admitting parol evidence to determine the intention of the grantor, as well as to determine the line by traditionary reputation. This

evidence did not contradict or vary the terms of the deed but was admissible to locate natural landmarks and to explain the ambiguity. See Code § 38-502; *Thompson v. Hill,* 137 Ga. 308, 317 (73 SE 640) (1911); *Hightower v. Williams,* 98 Ga. App. 44, 45 (104 SE2d 631) (1958).

5. There was ample evidence in this case, including the deeds, the parol evidence described above, and the testimony of a qualified surveyor, to support the verdict and judgment rendered by the trial court. Accordingly, the court did not err in denying the motion for new trial. Furthermore, we have been cited to no defect in the record which would support the grant of a motion to set aside.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 21, 1980.

*Hammond Johnson, Jr., Chris M. Streifender,* for Westmoreland, et al.

*Charles W. Stephens, J. Douglas Stewart,* for Beutell, et al.

