**D.E. PROPERTIES CORPORATION,**
Plaintiff/Appellant,

v.

**FOOD FOR LESS, INC.,**
Defendant/Respondent,

and

**David G. O'Neil, Defendant,**

and

**Perry N. Browne, d/b/a Browne & Sons, Inc., Defendant.**

No. 62605.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 10, 1993.

Carl Michael Bakewell, Barken & Bakewell, Clayton, for plaintiff, appellant.

David Gerard Ott, Dean R. Gallego, Brinker, Doyen & Kovacs, Clayton, for defendant, respondent.

CRANE, Judge.

Defendant, Food For Less, Inc. (Lessee), filed a counterclaim against plaintiff, D.E. Properties Corporation (Lessor), seeking to recover rent paid pursuant to a lease during the time the premises were untenantable. The circuit court granted Lessee's motion for summary judgment and entered judgment in favor of Lessee in the amount of $22,499.19. We affirm.

On September 1, 1983 Fenton Plaza Shopping Center/Diversified Equities (FPSC/DE) and Lessee executed a five-year lease (Primary Lease) for approximately 17,500 square feet at # 60 Fenton Plaza Shopping Center beginning October 15, 1983 with an option to renew for two additional five-year terms. The Primary Lease bound an assignee of FPSC/DE's leasehold interest to the Primary Lease terms. FPSC/DE subsequently assigned the Primary Lease to Lessor.

The Primary Lease expressly permitted Lessee to sublet the eastern portion of the leased premises for use as a restaurant. In November, 1983 Browne & Sons, Inc. and Perry N. Browne (Sublessee) executed a five-year sublease (Sublease) with Lessee for approximately 2,383.5 square feet in the eastern portion of the leased premises for a restaurant. The Sublease term began on October 1, 1983 and ended on October 31, 1988.

On September 24, 1986 a fire substantially damaged the restaurant in the subleased premises. The subleased premises were rendered untenantable and remained so until the Primary Lease term expired. The Primary Lease addressed the event of partial destruction of the leased premises by fire as follows:

7.1 PARTIAL DESTRUCTION: In the event of the partial destruction of the building or improvements located on the demised premises by fire or any other casualty, [Lessor] shall restore or repair said building and improvements with reasonable diligence. [Lessor] shall expend such sums as required to repair or restore improvements to the condition they were in immediately prior to the date of the destruction. A just and proportionate part of the rent payable by [Lessee] to the extent that such damage or destruction renders the demised premises untenatable [sic] shall abate from the date of such damage or destruction until such premises are repaired or restored.

Section 9.1 of the Primary Lease governed Lessee's duty to pay rent:

9.1 [LESSEE'S] DEFAULT: Failure on the part of [Lessee] to pay rent within fifteen (15) days after same shall become due ... shall, at the option of [Lessor], cause the forfeiture of this lease, without, however, releasing [Lessee] from liability, as hereinafter provided, and if such default shall not be corrected within the applicable period aforesaid, possession of the demised premises and all improvements thereon shall be delivered to [Lessor] and thereupon [Lessor] shall be entitled to and may take immediate possession of the premises, any other notice or demand being hereby waived....

Lessee continued to pay the full monthly rental rate until the Primary Lease term expired. Sublessee paid Lessee the full Sublease rental rate for six to eight months after the fire. The Primary Lease was not renewed.

Lessor filed a petition against Lessee and O'Neil for damages resulting from the fire which was alleged to have been caused by one or both defendants' negligence. Lessee filed a counterclaim against Lessor alleging the premises were untenantable from September 24, 1986 through October 14, 1988 and sought a return of rental payments for that period pursuant to the abatement clause. In its reply Lessor asserted the affirmative defenses of waiver and estoppel, alleged substantial performance, and claimed a right to a set-off of rent paid under the Sublease.

Lessee filed a motion for summary judgment on its counterclaim. As grounds for its motion Lessee stated that a fire on September 24, 1986 rendered the subleased premises untenantable, that the Primary Lease required Lessor to repair the fire damaged premises and allowed Lessee an abatement of rent while the premises remained untenantable, and that Lessee paid rent on the damaged premises for the remainder of the Primary Lease term in the amount of $22,499.18, which was the reasonable rental value. In support of its motion, Lessee filed the affidavit of its President, David O'Neil, and copies of the Primary Lease and the Sublease. O'Neil attested that Lessee complied with all the terms of the Primary Lease, that a fire on September 24, 1986 rendered the subleased premises untenantable, and that Lessee paid reasonable rent of $22,499.18 for the untenantable subleased premises during the remainder of the Primary Lease term.

In opposition to the motion, Lessor filed the affidavit of its attorney, C. Michael Bakewell. Bakewell attested to the accuracy of several exhibits submitted with his affidavit: Lessee's counterclaim, Sublessee's answers to Lessor's interrogatories, and portions of a deposition of Jonathan Browne.

The trial court granted Lessee's motion for summary judgment and entered judgment in favor of Lessee for $22,499.19. Lessor subsequently dismissed its negligence action against both defendants. Lessor appeals the entry of summary judgment, asserting that the trial court erred in granting the motion because 1) matters raised by its affirmative defenses precluded judgment as a matter of law and 2) there were disputed issues of fact concerning prior breach and the amount of damages.

Summary judgment shall be entered where the moving party has demonstrated, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.-04(c). The propriety of summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering an appeal from an order granting summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

A claimant moving for summary judgment in the face of a properly pleaded affirmative defense must also establish that the affirmative defense fails as a matter of law. *Id.* at 381. Unlike the burden of establishing *all* of the facts necessary to a claim, a claimant may defeat an affirmative defense by establishing that *any one* of the facts necessary to support the defense is absent. *Id.*

In its first point Lessor contends that the trial court erred in granting Lessee's motion for summary judgment as a matter of law because its affirmative defenses were supported by the undisputed facts that: (1) Lessee's rental payments to Lessor after the fire were voluntary and were not the result of any mistake; (2) by continuing to pay rent Lessee waived any claim to recover its voluntary rental payments or to claim an abatement of rent; and (3) Lessee suffered no actual loss because it received $27,311 from Sublessee after the fire. We disagree. Neither the fact that Lessee continued to make rental payments nor the fact that Lessee received rent from its sublessee bars Lessee's right to recover its rental payments under the rent abatement clause of the lease.

The Primary Lease indicates the parties intended that Lessee pay the full amount of rent for the entire leased premises and that a failure to make the entire rent payment would constitute a default by the Lessee, upon which default Lessor could have terminated the Primary Lease. The Primary Lease also required the Lessor to restore or repair the building and improvements with reasonable · diligence in the event of partial destruction by fire. The Primary Lease further provided that a just and proportionate part of the rent payable by Lessee would abate during the period the premises were untenantable.

Lessor argues that Lessee's continued payment of rent waived its right to abatement. Under the terms of the Primary Lease, Lessee could have stopped paying the abatable portion of rent under § 7.1 and then could have pleaded untenantability by way of defense and set-off if the Lessor brought an action for unpaid rent or to terminate the lease under § 9.1. *See, e.g., Wood v. Gabler*, 229 Mo.App. 1188, 70 S.W.2d 110, 113 (1934). However, by ceasing to make payments, Lessee risked forfeiting the entire lease should it not subsequently prevail on the abatement issue. *See, e.g., Edith Inv. Co. v. Fair Drug, Inc.*, 617 S.W.2d 567, 569 (Mo.App. 1981). To avoid the risk of forfeiture, Lessee could, as it did, continue to timely pay all rent due under § 9.1 and bring an action under § 7.1 to recover the portion of rent paid on the damaged premises during the period of untenantability. *See, e.g., Ridley v. Newsome*, 754 S.W.2d 912 (Mo.App. 1988); *Freund Motor Co. v. Alma Realty & Inv. Co.*, 235 Mo.App. 587, 142 S.W.2d 793 (1940). Lease payments made under

the compulsion of a forfeiture provision of a lease are involuntary and recoverable. *Freund Motor Co.*, 142 S.W.2d at 796–97. Lessee did not waive its right to abatement by making the lease payments and bringing an action for the return of the payments it claimed were abated.

 Lessor also argues that Lessee was not entitled to summary judgment as a matter of law because Lessee suffered no actual loss since Lessee received $27,311 in rent from Sublessee during the time the subleased premises were untenantable. This argument has no merit. The Primary Lease clearly provides that in the case of untenantability, Lessee is entitled to an abatement of rent. The Primary Lease makes no provision for a set-off of rentals collected from a sublessee. Lessee was entitled to the express remedy provided in the lease.

In its second point Lessor claims that the trial court erred in granting summary judgment because there were material issues of fact concerning which party first breached the Primary Lease and the amount of damages incurred as a result of the breach. The issue concerning which party first breached the Primary Lease was not before the trial court on the motion for summary judgment. Lessor did not raise the issue in its reply to Lessee's counterclaim or in response to Lessee's motion for summary judgment. On appeal Lessor is now arguing that issues raised in its dismissed negligence action preclude entry of summary judgment. Since Lessor did not raise this issue in the trial court on the motion for summary judgment, it is precluded from making this argument on appeal. *E.D. Mitchell Living Trust v. Murray*, 818 S.W.2d 326, 329 (Mo.App.1991).

Lessor also argues that a material issue of fact existed concerning the amount of damages. Lessor contends that there was conflicting evidence concerning how much rent Lessee received from Sublessee following the fire. As we have held, Lessee was entitled to recover the whole amount of rent it paid during the period of untenantability without set-off for any amounts received from Sublessee. Accordingly, the amount of rent paid by Sublessee is immaterial.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.