Gary D. Witt, Judge
Eric Fouts ("Fouts") appeals from a judgment from the Circuit Court of Clay County granting Regency North Acquisition, LLC's ("Regency North") motion for summary judgment. Fouts was injured when he fell on an exterior stairway in his apartment complex. Fouts argues that the court erred in granting Regency North's motion for summary judgment because the exculpatory clause contained in the lease was ambiguous and did not apply to personal injuries that occurred on the stairs. Fouts further argues that the trial court erred in granting Regency North's motion for summary judgment because the exculpatory clause was unenforceable since it was unreasonable to expect Fouts to read or understand the exculpatory clause and the exculpatory clause was against public policy. We affirm.
Statement of Facts[1]
On July 25, 2014, Fouts entered into a residential lease agreement with Regency North for the rental of an apartment located at 6026 N. Jefferson, Apartment #3, Kansas City, Missouri. The term of the lease ran from September 1, 2014 through *465 June 30, 2015. Paragraph 44 of the lease contains an exculpatory clause, which provides as follows:
44. EXCULPATION, TENANT'S RELEASE AND AGREEMENT TO INDEMNIFY. LANDLORD AND ITS AGENTS ARE NOT LIABLE FOR PERSONAL INJURY OR FOR DAMAGE TO OR LOSS OF PERSONAL PROPERTY IN OR ABOUT THE PREMISES, REGARDLESS OF THE CAUSE OF SUCH INJURY, LOSS OR DAMAGE, INCLUDING BUT NOT LIMITED TO INTERRUPTION OF UTILITIES OR OTHER CASUALTY OR OCCURRENCES. TENANT, FOR HIMSELF, HIS HEIRS, EXECUTORS, ADMINISTRATORS, APPROVED SUCCESSORS AND ASSIGNS, HEREBY RELEASES, RELINQUISHES AND DISCHARGES AND AGREES TO INDEMNIFY, PROTECT AND SAVE HARMLESS LANDLORD, ITS AGENTS, SUCCESSORS, AND ASSIGNS OF AND FROM ANY AND ALL CLAIMS, DEMANDS AND LIABILITY FOR ANY INJURY TO, INCLUDING DEATH OF, PERSONS (WHETHER THEY BE THIRD PERSONS, TENANT, OR EMPLOYEES OF THE PARTIES HERETO) AND ANY LOSS OF OR DAMAGE TO PROPERTY (WHETHER THE SAME BE THAT OF EITHER OF THE PARTIES HERETO OR OF THIRD PERSONS) CAUSED BY, GROWING OUT OF, OR HAPPENING IN CONNECTION WITH, TENANT'S USE AND OCCUPANCY OF THE PREMISES, FIXTURES, EQUIPMENT, APPLIANCES, FACILITIES, IMPROVEMENTS OR COMMON AREAS LOCATED OR TO BE LOCATED THEREON, OR BY REASON OF ANY LIKE OR DIFFERENT CASUALTY. IN LIKE MANNER AND TO THE EXTENT SET FORTH IN THE PRECEDING SENTENCE, TENANT AGREES TO EXONERATE AND SAVE HARMLESS LANDLORD, ITS EMPLOYEES, AND AGENTS FROM ANY AND ALL LIABILITY EVEN THOUGH THE CLAIM, OR LOSS OR CASUALTY IS ATTRIBUTABLE TO THE NEGLIGENCE OF LANDLORD OR ITS EMPLOYEES OR AGENTS. TENANT AGREES TO BE RESPONSIBLE FOR OBTAINING AND MAINTAINING INSURANCE ON PERSONAL PROPERTY CONTENTS AND LIABILITY.
The exculpatory clause is the only paragraph in the subject of the lease printed in all capital letters and is located directly above Fouts's signature on the lease. At the time of signing, Fouts asked one of Regency North's employees what paragraph 44 meant and was told that it just meant he had to buy his own insurance.
On October 15, 2014, Fouts slipped and fell on the exterior wooden stairs of the building where his apartment was located. Fouts filed a personal injury suit against Regency North on August 3, 2015. In his petition, Fouts alleged that his fall was caused by the negligence of Regency North.
Regency North filed a motion for summary judgment. This motion was fully briefed and argued. On September 27, 2017, the trial court entered judgment granting Regency North's motion for summary judgment and dismissing the petition. This appeal followed.
Standard of Review
When considering an appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of *466 all reasonable inferences. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo. banc 1993). Because the circuit court's judgment is based on the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. Id. Rather, because "[t]he propriety of summary judgment is purely an issue of law," we review the grant of a summary judgment de novo. Id. "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." Id. Thus, we will affirm the grant of a summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. at 377, 380.
Reverse Mortg. Sols., Inc. v. Estate of Hunter , 479 S.W.3d 662, 665-66 (Mo. App. W.D. 2015).
Analysis
Fouts raises four points on appeal. In his first point, Fouts argues that the trial court erred in granting summary judgment because the exculpatory clause is unenforceable as a matter of law since it is limited in scope to the apartment unit and common areas. In his second point on appeal, Fouts argues that the trial court erred in granting summary judgment because the exculpatory clause is unenforceable as a matter of law since the phrase "or about the premises" is ambiguous. In Point Three, Fouts argues that the trial court erred in granting summary judgment because the exculpatory clause is unenforceable as matter of law since it is a contract of adhesion and it was unreasonable to expect Fouts to read or understand the exculpatory clause to release Regency North from liability. In Point Four, Fouts argues that the trial court erred in granting summary judgment because the exculpatory clause is unenforceable as a matter of law since it is against sound public policy.
Points One and Two
We address both Points One and Two together. In his first point on appeal, Fouts argues that the trial court erred in granting Regency North's motion for summary judgment because the exculpatory clause is unenforceable as a matter of law since the exculpatory clause was limited in scope to the apartment unit and common areas. Fouts argues that phrase "in or about the premises" and "common areas" limit the scope of the exculpatory clause to those locations, which does not include the stairs. In his second point on appeal, Fouts argues that the trial court erred in granting Regency North's motion for summary judgment because the exculpatory clause is unenforceable since the use of the term "or about the premises" is ambiguous. Fouts argues that the phrase "or about the premises" is used to be intentionally vague and therefore, by its nature, ambiguous.
The issues concerning the scope of the exculpatory clause and the ambiguity of the term "or about the premises" were not raised or argued to the trial court by either party. Fouts failed to raise these issues in his response to Regency North's motion for summary judgment. Since Fouts did not raise these issues before the trial court on the motion for summary judgment, he is precluded from making these arguments on appeal. D.E. Props. Corp. v. Food for Less , 859 S.W.2d 197, 201 (Mo. App. E.D. 1993) ; E.D. Mitchell Living Trust v. Murray , 818 S.W.2d 326, 329 (Mo. App. S.D. 1991). "[W]e will not convict a trial court of error for an issue not presented for its determination."
*467 Dolly v. Concorde Career Colleges, Inc., 537 S.W.3d 838, 845 (Mo. App. W.D. 2017) (abrogated on other grounds by State ex rel. Pinkerton v. Fahnestock , 531 S.W.3d 36, 46 n.6 (Mo. banc 2017) ).
Point One and Two are denied.
Point Three
In his third point on appeal, Fouts argues that the trial court erred in granting Regency North's motion for summary judgment because the exculpatory clause was unenforceable since the lease agreement was a contract of adhesion and it was unreasonable to expect Fouts to read or understand the exculpatory clause to release Regency North from liability. Fouts argues that since the lease was a contract of adhesion the trial court should have looked at the reasonable expectations of the parties and Fouts could not have reasonably expected to have agreed to the terms provided in the exculpatory clause.
"An adhesion contract is a form contract created by the stronger of the contracting parties. It is offered on a 'take this or nothing' basis." Robin v. Blue Cross Hosp. Serv. , 637 S.W.2d 695, 697 (Mo. banc 1982). There is no dispute between the parties that the lease constitutes a contract of adhesion. In contracts of adhesion the court applies the "reasonable expectations doctrine." Vergano v. Facility Mgmt. , 895 S.W.2d 126, 128 (Mo. App. E.D. 1995) ; Zemelman v. Equity Mut. Ins. Co. , 935 S.W.2d 673, 675 (Mo. App. W.D. 1996) ; Progressive Nw. Ins. Co. v. Talbert , 407 S.W.3d 1, 9 (Mo. App. S.D. 2013). "The law [ ] protects expectations objectively reasonable, as consonant with the purpose of the standard contract -- to avoid bargains over details of an individual transaction to achieve lower cost possible only by mass transaction." Estrin Const. Co. v. Aetna Cas. & Surety Co. , 612 S.W.2d 413, 426 (Mo. App. W.D. 1981). "Only those provision that fail to comport with those reasonable expectations and are unexpected and unconscionably unfair are unenforceable." Swain v. Auto Servs., Inc. , 128 S.W.3d 103, 107 (Mo. App. E.D. 2003). "The reasonable expectations of the parties are gathered not only by the words of the supposed contract, but by all the circumstances of the transaction." Heartland Health Sys., Inc. v. Chamberlin , 871 S.W.2d 8, 11 (Mo. App. W.D. 1993).
Fouts argues that a reasonable person would not expect an exculpation clause in a lease agreement. Fouts argues that when a reasonable person enters a lease agreement he or she expects to agree to rent a specific apartment for a specific term of months at a monthly price, but does not expect to waive future liability. Fouts further argues that when he asked about the provision he was only told that it required him to acquire his own insurance.
Exculpatory clauses are not uncommon in lease agreements. See generally Fuller v. TLC Prop. Mgmt., LLC , 402 S.W.3d 101 (Mo. App. S.D. 2013) (en banc); Abbott v. Epic Landscape Prods., L.C. , 361 S.W.3d 13 (Mo. App. 2011). An almost identical exculpatory clause was upheld as enforceable by this Court in Abbott, 361 S.W.3d at 17-18. The exculpatory clause is the only provision of this contract in all capital letters and is located directly above the signature line. Regency North's employee's statement to Fouts that this provision required him to obtain personal insurance does not make it an unreasonable expectation for the lease to contain an exculpatory clause. It is a reasonable expectation that a lease agreement would contain an exculpatory clause that is the same as other exculpatory clauses found in other lease agreements, and it is a reasonable expectation that the exculpatory clause would exculpate Regency North from liability for negligent acts. "By an objective standard, 'reasonable expectations' might or might not *468 be what a party actually expected." Heartland Health Sys., Inc. , 871 S.W.2d at 11. Point Three is denied.
Point Four
In his fourth point on appeal, Fouts argues that the trial court erred in granting summary judgment because exculpatory clauses in residential apartment leases are, or should be, void as against sound public policy.
"Releases of future negligence are not void as against public policy, though they are disfavored and strictly construed." Warren v. Paragon Techs. Grp., Inc. , 950 S.W.2d 844, 845 (Mo. banc 1997). In Alack v. Vic Tanny Int'l of Mo., Inc. , 923 S.W.2d 330, 337 (Mo. banc 1996) the Missouri Supreme Court addressed the enforceability of such exculpatory clauses.
[I]n order to be enforceable in Missouri, exculpatory clauses require "clear, unambiguous, unmistakable, and conspicuous language in order to release a party from his or her own future negligence. The exculpatory language must effectively notify a party that he or she is releasing the other party from claims arising from the other party's own negligence."
Abbott , 361 S.W.3d at 17 (quoting Alack , 923 S.W.2d at 337 ).
In Abbott v. Epic Landscape Prods. , this Court was presented with the same public policy argument as Fouts presents here regarding an almost identical exculpatory clause. This Court cited to Milligan v. Chesterfield Vill. GP, L.L.C. , 239 S.W.3d 613, 616 (Mo. App. S.D. 2007) for the proposition that "[p]ublic policy disfavors but does not prohibit releases of future negligence." This Court found that the exculpatory provision was enforceable because "[t]he language releasing the landlord from his own negligence contains the term 'negligence,' is explicit in its wording, and is written in capitalized letters in a paragraph displayed more prominently than any other part of the lease." Abbott , 361 S.W.3d at 18.
We find no reason to abandon our holding and reasoning in Abbott at this time. Point Four is denied.
Conclusion
The judgment is affirmed.
All concur

When considering an appeal from the grant of summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences from the record. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993).