Jack J. SCHWARTZ, Plaintiff/Appellant,

v.

CUSTOM PRINTING COMPANY,
Defendant/Respondent.

No. 72361.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 5, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

James J. Wilson, Patricia A. Hageman, St. Louis, for plaintiff/appellant.

Stephen L. Beimdiek, St. Louis, for defendant/respondent.

CRANDALL, Judge.

Plaintiff, Jack Schwartz, appeals from the grant of summary judgment and from the judgment of the trial court, in a court-tried case, in favor of defendant, Custom Printing Company, in an action for breach of an employment contract. We reverse and remand.

After Custom Printing Company (Custom) terminated plaintiff's employment, plaintiff brought the present action. His petition against Custom was in two counts: Count I was for breach of his employment contract by Custom and Count II was for Custom's failure to provide him with a service letter.[1] Custom moved for summary judgment on Count I of plaintiff's petition. The motion alleged that there were no genuine issues of

---

1. Plaintiff had filed a previous action against Custom on several different theories. In that action, after plaintiff voluntarily dismissed the breach of contract and failure to provide a service letter claims, the judgment was deemed final for purposes of appeal and this court affirmed the trial court's grant of summary judgment in favor of Custom on the remaining claims. *Schwartz v. Custom Printing Co.*, 926 S.W.2d 490 (Mo.App. E.D.1996). While the appeal from that judgment was pending, plaintiff brought the present action, re-filing the two claims he previously dismissed.

fact either that an attorney-client relationship existed when plaintiff drafted the employment contract or that the contract was unenforceable because plaintiff took undue advantage of Custom and the contract was not fair and reasonable for Custom. Plaintiff moved for summary judgment on Count II of his petition.

The trial court granted summary judgment in part on Count I, finding there was no genuine issue of material fact as to the existence of an attorney-client relationship; and bifurcated the trial. The court tried the issue of the breach of contract; and entered judgment in favor of Custom on Count I, finding that the contract was voidable because plaintiff had breached his fiduciary duty as an attorney for Custom when he drafted the employment contract. The trial court also granted summary judgment in favor of plaintiff on Count II of his petition and awarded nominal damages of $1.00.

In his first point on appeal, plaintiff claims the trial court erred in entering summary judgment on the attorney-client relationship issue. He argues there was a genuine issue of material fact as to the existence of an attorney-client relationship between him and Custom. The record before the trial court on Custom's motion for summary judgment consisted of depositions, affidavits, and exhibits submitted by both parties.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the allegations in the petition to determine if a material fact exists for trial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party

bears the burden of establishing a right to judgment as a matter of law and any evidence presented that demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *ITT Commercial*, 854 S.W.2d at 380–381. An issue is genuine only if it is real and substantial; it may not consist "of conjecture, theory and possibilities." *Id.* at 378.

Following the moving party's prima facie showing for its summary judgment motion, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e). Once the moving party has established right to judgment as a matter of law, the non-moving party's only recourse is to show that there is a genuine dispute of a material fact by offering affidavits, depositions, answers to interrogatories, or admissions. *ITT Commercial*, 854 S.W.2d at 381.

The facts, as set forth in Custom's motion for summary judgment and accompanying record on the issue of the attorney-client relationship, established that Custom was a closely held corporation engaged in the commercial printing business. Donald H. Lenaur, Custom's Vice–President and Secretary, and Elbert E. Clark, Custom's President, were the sole directors and shareholders.

Plaintiff was a licensed attorney and certified public accountant who provided legal services to Custom on a regular basis, beginning in the late 1960s and continuing over the next twenty years. He also performed legal and accounting services for Lenaur and Clark individually. In 1988, Custom's business accounted for over $73,000.00 of plaintiff's gross revenues of approximately $75,-000.00 in legal fees. For the first five months of 1989, plaintiff was paid over $40,-000.00 by Custom for legal services, while his gross revenues amounted to over $50,000.00 for that same period of time.

In April or May of 1989, Lenaur and Clark decided to hire plaintiff as president and CEO of Custom and discussed the terms of his employment. Plaintiff prepared an initial draft of an employment contract. After re-

viewing the draft, Lenaur and Clark made suggestions, which plaintiff incorporated into the agreement. At Clark's direction, plaintiff drafted the employment contract, which the parties signed on May 30, 1989.

The employment contract was for a term of five years; and contained provisions regarding, among other things, compensation, stock ownership, bonuses, a prohibition against nepotism, and confidentiality and non-compete clauses. The contract required plaintiff to perform to "the best of his ability" and to "devote his entire time and attention" to Custom's business. But, there were no provisions addressing performance standards for plaintiff, termination, or alternative dispute resolution.

Plaintiff did not advise Lenaur and Clark to seek independent legal counsel about the contract and they did not do so. Plaintiff did not tell them that he was terminating his attorney relationship with them prior to executing the contract. He did not advise them that he might have a potential conflict of interest in preparing the contract. Clark believed that plaintiff was acting as Custom's attorney when he drafted the agreement. On July 12, 1991, Custom terminated plaintiff because Lenaur and Clark determined that he was not performing to the best of his abilities.

■ In his response to Custom's motion for summary judgment and accompanying record, plaintiff countered that there were genuine issues of material fact as to the existence of an attorney-client relationship. He pointed to several facts in dispute, which are set forth as follows. Lenaur and Clark participated in formulating the terms of the employment contract. Lenaur did not view plaintiff as acting in the capacity of attorney for Custom when he drafted the employment contract. Plaintiff denied that he prepared the contract in the course of providing legal services to Custom. Custom had other attorneys available whom it had employed in the past and whom it could have consulted with respect to the employment contract. In 1989, Custom paid approximately $240,000.00 in attorneys' and accountants' fees, only about $40,000.00 of which it paid to plaintiff for legal services.

■ The facts set forth in plaintiff's response to the motion for summary judgment were sufficient to raise a genuine issue of material fact for trial as to the existence of an attorney-client relationship between the parties at the time plaintiff drafted the contract. An attorney-client relationship is limited in scope to the purpose for which the attorney is employed. *In re Disney*, 922 S.W.2d 12, 14 (Mo. banc 1996). The attorney's representation of the client in an unrelated matter is insufficient to establish that the attorney represented the client in another matter. *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. banc 1995). In addition, the client's reliance alone upon the advice or conduct of an attorney does not create an attorney-client relationship. *Id.* Nevertheless, if Custom is able to prove at trial that it sought and received legal advice and assistance from plaintiff and plaintiff intended to undertake to provide such advice and assistance on its behalf, an attorney-client relationship might be found to exist. *See id.* The trial court erred in granting summary judgment in favor of Custom on the issue of the existence of an attorney-client relationship because a genuine issue of material fact remained for trial. Plaintiff's first point is granted.

Plaintiff raises three other claims of error, all challenging the judgment of the trial court regarding the enforceability of the employment contract. The trial court's determination that the contract was voidable was predicated on its finding that an attorney-client relationship existed between the parties. In view of our holding that the trial court's grant of summary judgment was erroneous, we decline to address the allegations of error regarding the contract.

■ The issue of the enforceability of the contract becomes relevant only if, on remand, the trial court finds that there was an attorney-client relationship between the parties when plaintiff drafted the employment contract. This is because a fiduciary relationship exists between an attorney and client. *Jo B. Gardner, Inc. v. Beanland*, 611 S.W.2d 317, 320 (Mo.App.1980). Agreements made between attorney and client for new and additional services during an ongoing

fiduciary relationship are zealously scrutinized and an attorney has the burden of proving that he did not take undue advantage of the client and that the agreement was fair and reasonable. *Id.* at 320–321.

In the instant action, if the court finds there was no attorney-client relationship between the parties, the employment contract may be enforced. If, however, the court finds that an attorney-client relationship existed, it may then consider whether the employment contract was voidable because plaintiff breached his fiduciary duty to Custom. If the issue of voidability is reached, it is within the trial court's discretion to determine whether to take additional evidence on that point.

The judgment is reversed and the cause is remanded.

AHRENS, P.J. and KAROHL, J., concur.