# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3637

_____

| | | |
|---|---|---|
| In re:  Popkin & Stern, | * | |
| | * | |
| Debtor, | * | |
| | * | |
| ---------------------- | * | |
| | * | |
| Robert J. Blackwell, Liquidating | * | |
| Trustee of the Popkin & Stern | * | On Appeal from the United |
| Liquidating Trust, | * | United States Bankruptcy |
| | * | Appellate Panel for |
| Appellee, | * | the Eighth Circuit. |
| | * | |
| v. | * | [Not To Be Published] |
| | * | |
| Ronald U. Lurie; | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Daniel L. Dierdorf; James W. Hart, | * | |
| | * | |
| Intervenors Below | * | |
| Appellees. | * | |

_____

Submitted:  October 18, 2000
Filed:  October 27, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Ronald Lurie appeals from a final order of the United States Bankruptcy Appellate Panel affirming the Bankruptcy Court's[1] grant of permission to the bankruptcy trustee to sell his judgment interest in certain stock of the debtor to intervenors Daniel Dierdorf and James Hart. We affirm.

The Court did not err in approving the transfer in accordance with the corporations' shareholder agreements. In particular, we reject the debtor's argument, which is at the heart of this appeal, that his personal written notice of intent to transfer the stock was necessary before the bankruptcy trustee, who had succeeded to the debtor's interest in the stock, could sell it to the intervenors. See 11 U.S.C. § 541(a) (property of bankruptcy estate includes all legal or equitable interests of debtor as of case commencement); In re Gateway Pac. Corp., 153 F.3d 915, 917 (8th Cir. 1998) (standard of review); In re Schauer, 835 F.2d 1222, 1225 (8th Cir. 1987) (bankruptcy estate succeeds to only those rights in property that debtor had as of commencement of case, and is subject to all pre-existing limitations on those rights); Schwartz v. Custom Printing Co., 926 S.W.2d 490, 493 (Mo. Ct. App. 1996) (cardinal rule in contract interpretation is to ascertain and give effect to parties' intent, which is to be gathered from contract itself where it is unambiguous).

Accordingly, we affirm. See 8th Cir. R. 47B. The bankruptcy trustee's motion to strike is denied as moot.

---

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.